# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EDWARD SAYERS, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PRECISION POOLS AND PATIO'S, INC., ) <br> et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 17-2582-JAR-GEB |

## ORDER

On October 4, 2018, the Court held a conference to discuss Plaintiffs' Motion to Modify the Scheduling Order (**ECF No. 42**) and Defendants' Responses (ECF Nos. 45, 46). Plaintiffs appeared through counsel, Desarae G. Harrah. Defendants Precision Pools and Patios, Inc. and Kyle Yeo appeared through counsel, John M. Brigg. Defendant Deckscapes, Inc., appeared through counsel, Bradley Nielsen. After consideration of the arguments of the parties and the parties' briefing, the Court announced, at conference, it would modify the scheduling order, and in that respect, Plaintiff's Motion is **GRANTED.** However, in Defendants' responses in opposition to the motion, they sought to strike Plaintiffs' expert witness, citing the untimeliness of Plaintiffs' designation as well as the untimeliness of the motion itself. Finding Defendants' arguments persuasive, although the Court **DENIED** the request to strike Plaintiffs' expert, it did issue Fed. R. Civ. P. 37 sanctions to Plaintiffs' counsel. Although all issues were discussed and ruled upon at conference, this Order memorializes the Court's oral rulings.

## I. Plaintiffs' Motion to Modify the Scheduling Order (ECF No. 42)

After two prior extensions of the expert deadlines, on August 3, 2018, the Court granted Plaintiffs' request to again modify the schedule (ECF No. 40). All parties' expert deadlines were extended, making Plaintiffs' expert witness designation due September 1, 2018. Plaintiffs' deadline to submit a good faith settlement proposal to Defendants was July 31, and the parties' confidential settlement reports were due to the undersigned by September 17.

However, on September 26, Plaintiffs filed their expert witness designation (ECF No. 43), designating a single expert, three weeks late, along with their current motion to extend time (ECF No. 42). On that same date, Plaintiffs submitted their settlement proposal to Defendants—6 weeks late—and a confidential report to the undersigned. Citing delays in the inspection and testing of the pool elements at issue, which likewise postponed the report of the expert, Plaintiffs' counsel, although apologetic, provided no explanation as to why she failed to seek—at the very least—an extension of time prior to the expiration of the expert witness and settlement proposal deadlines.

Additionally, Defendants contend Plaintiffs' counsel entirely failed to confer with them regarding her need to extend the deadlines, her designation of the expert out of time, or her unilateral motion to modify the scheduling order. Discussion during the October 4 conference confirmed Plaintiffs' counsel did not confer with opposing counsel as required by D. Kan. Rule 37.2, either 1) prior to filing her late disclosures; or 2) prior to filing her request for additional time.

In an effort to move this case forward on its merits, the Court denies the Defendants' requests for the harsh sanction of striking Plaintiffs' sole expert. However, this Court has been very accommodating to Plaintiffs' prior requests for extension, as have opposing counsel. The Court has also repeatedly reminded the parties of the need for communication between counsel, particularly in light of the duty to confer required by D. Kan. Rule 37.2 and as outlined in this Court's two previous scheduling orders (*see* ECF Nos. 11, 38).[1]

After thorough discussion and consideration of the arguments set forth by the parties, the Court **GRANTS** Plaintiffs' Motion to Modify the Schedule (**ECF No. 42**), and **DENIES** Defendants' requests to strike Plaintiffs' expert witness. However, in light of Plaintiffs' counsel's failure to comply with the deadlines set by this Court, her failure to seek her extension prior to the expiration of the deadlines, and her lack of efforts to confer with opposing counsel as required, the Court imposes the following sanction on Plaintiffs' counsel. For failing to obey a discovery order under Fed. R. Civ. P. 37(b)(2)(A),(C) and failing to disclose her expert witness under Fed. R. Civ. P. 37(c)(1), the Court **ORDERS** Plaintiffs' counsel to reimburse defense counsel for their attorney's fees incurred in responding to Plaintiffs' Motion to Modify the Scheduling Order (ECF No. 42). On or before **November 5, 2018**, Defendants must file with the Court and serve upon Plaintiffs a memorandum setting forth their proposed fees, limited to preparation of their responses (ECF Nos. 45, 46). On or before **November 15, 2018**, Plaintiffs have an opportunity to file

---

[1] In both written Scheduling Orders in this case, the Court discusses the duty to confer with opposing counsel and what such conference should consist of (*see* ECF Nos. 11, 38). In fact, the parties agreed to the following language in their scheduling orders: "The parties agree to hold a telephone conference to discuss [any discovery] dispute prior to filing any motions with the Court." (ECF No. 11, at 7; ECF No. 38, at 6).

3

a written response to the memorandum. If Plaintiffs' counsel does not respond, the Court will consider the request for attorneys' fees as unopposed and enter an order accordingly.

**II. Revised Schedule**

As discussed, the schedule in this case must be modified to permit Defendants an appropriate time to designate their experts, and for all parties to continue to prepare their claims/defenses. Therefore, the schedule is modified as follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
| --- | --- |
| Event | Deadline/Setting |
| Defts. Precision/Yeo to file joint notice of mediation | 12/14/18 |
| Experts disclosed by Defendants | 1/11/19 |
| Rebuttal experts disclosed | 2/8/19 |
| Mediation deadline | 2/15/19 |
| ADR report filed by Defendants | 14 days after mediation |
| All discovery completed | 3/8/19 |
| Proposed pretrial order due | 4/8/19 |
| Pretrial conference (telephone) | 4/11/19 @ 10:00 a.m. |
| All other potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | 4/25/19 |
| Jury Trial – in Kansas City, ETT 4 days | 12/10/19 @ 9:00 a.m. |

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th day of October, 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge